## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**SALVADORE LAMONTE, # 168530**                                        **PLAINTIFF**

**VERSUS**                                        **CAUSE NO. 3:24cv285-KHJ-MTP**

**NURSE NANCEY WALTZER**                                        **DEFENDANT**

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Nurse Waltzer's Amended Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [25].[1]   Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the motion be granted.

### BACKGROUND

*Pro se* Plaintiff Salvadore Lamonte filed this action under 42 U.S.C. § 1983 on or about May 14, 2024.   (Envelope [1-2]).   He is incarcerated at the Central Mississippi Correctional Facility in Pearl, Mississippi.   Defendant Nurse Waltzer was employed at the prison, and Lamonte alleges that she refused him any medical or dental care.   Specifically, he contends that, since September of 2023, Nurse Waltzer has refused to see him or send him to an outside medical provider for a swollen leg and teeth that need to be "cu[t] and shaved to have them fixed proper[ly]."   (Resp. [9]); (Compl. [1] at 4-5).

On April 17, 2025, Nurse Waltzer filed her Motion for Summary Judgment [20], arguing that Plaintiff did not exhaust his administrative remedies.   The Court directed Waltzer to amend her motion to include information about the Administrative Remedy Process in place at the

---

[1] Although sued as "Nurse Nancey Waltzer," Defendant's first name is "Nina."   *See* (Order Directing Summons to Issue [14] at 1).

facility during the relevant time period.   The motion was amended, and Plaintiff has responded.

## DISCUSSION

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   To make this determination, the Court must view the evidence in the light most favorable to the non-moving party.   *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005).   A "material fact" is one that might affect the outcome of the suit under the governing law.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party.   *Id.*   The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986).   The Court considers evidentiary materials cited by the parties and may also "consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).   The Court is not permitted to make credibility determinations or weigh the evidence.   *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009).

Whether a prisoner has first exhausted his administrative remedies is a mixed question of law and fact.   *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).   According to the Prison Litigation Reform Act, "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).   In other words, a prisoner is required to exhaust available remedies with the prison prior to filing such a suit.   *Dillon*, 596 F.3d at 265. Since non-exhaustion is an affirmative defense, Defendant bears the burden of proving Plaintiff

2

failed to exhaust. *Id.* at 266. Defendant "must establish beyond all peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in [her] favor." *Id.*

"To determine what remedies are 'available' . . . we look to 'the applicable procedural rules . . . defined . . . by the prison grievance process itself.'" *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (quoting *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015)). Remedies are available so long as they are "'capable of use' to obtain 'some relief for the action complained of.'" *Huskey*, 45 F.4th at 831 (quoting *Ross v. Blake*, 578 U.S. 632, 642 (2016)). A prisoner's grievance needs only be specific enough to give prison officials a "fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

The parties agree that a grievance procedure was in place. In fact, MDOC has an Administrative Remedy Program ("ARP"), with a two-step administrative procedure to resolve inmate grievances. (Resp. [27]); (Am. Mot. Summ. J. Ex. 5 [25-5] at 2-3). Generally, the inmate must first present his grievance in writing. (Am. Mot. Summ. J. Ex. 5 [25-5] at 2). The grievance will then either be accepted or rejected for certain procedural reasons. *Id.* at 2-3. If the grievance is accepted, then it is directed to a prison official for resolution at the First Step level. *Id.* at 2. If the inmate is unsatisfied with, or does not receive, the First Step Response, he appeals in writing to the Second Step level. *Id.* at 2-3. A prison official then responds to the Second Step request. *Id.* at 2. If the inmate is unsatisfied with the Second Step response, he may seek judicial review. *Id.*

In his Response [27], Lamonte asserts that he "did in fact exhaust." Nurse Waltzer,

3

however, maintains that while Lamonte may have begun the ARP process, he did not complete the process before filing this action.   In his Complaint, Lamonte admits that he did not appeal the denial of his grievance and did not explain why he did not.   *See* (Compl. [1] at 7).

The uncontroverted exhibits demonstrate that Lamonte submitted two different ARP grievances on or about February 18, 2024.   (Am. Mot. Summ. J. Ex. 1 [25-1] at 2); (Am. Mot. Summ. J. Ex. 2 [25-2] at 5).   The first grievance, assigned label CMCF-24-304, asked to see a doctor for his swollen foot and diabetes, but he withdrew this ARP from consideration on April 10, 2024.   (Am. Mot. Summ. J. Ex. 1 [25-1] at 1-3, 7).

The second grievance, CMCF-24-1299, concerned Lamonte's request for dental care. (Am. Mot. Summ. J. Ex. 2 [25-2] at 1).   He was notified that it would not be considered until the first ARP was completed.   *Id.* at 4.   After he withdrew the first ARP, his second was accepted, and a First Step Response was issued on August 20, 2024, more than three months after the Complaint [1] was filed.   *Id.* at 6-7.   He did not attempt to appeal to the Second Step level until October 2024, long after the Complaint was filed.   *Id.* at 9.   Because the first ARP was withdrawn and the second ARP was still pending, neither one was exhausted before the Complaint was filed.

It is undisputed that Lamonte did not *complete* the ARP process prior to filing his Complaint.   He did not receive a response on his grievance or appeal the grievance to the next step prior to filing this action.   (Compl. [1] at 7).   Because he failed to exhaust his administrative remedies prior to filing this lawsuit, it must be dismissed without prejudice.   *See*, 42 U.S.C. § 1997e(a); *Dillon*, 596 F.3d at 265 (holding prisoner must exhaust his administrative remedies prior to filing a § 1983 suit).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant Nurse Waltzer's Amended Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [25] be **GRANTED** and this case be dismissed without prejudice for failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party.   The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions.   Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 12th day of August, 2025.

s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE